IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VERNARD BERNARD PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-100 |
| | ) | |
| ANTOINE CALDWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 18.) Despite a warning from the Court about the dispositive nature of the motion and receiving additional time to file a response, (doc. no. 20), Petitioner did not respond to the motion. Therefore, the motion is unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

On September 10, 2012, Petitioner pleaded guilty to one count of child molestation and was sentenced as a recidivist to twenty years, serve twelve in incarceration. (Doc. no. 19-1, p. 1.) Petitioner did not file a direct appeal, but he states he unsuccessfully filed a

motion to reconsider his sentence.  (Doc. no. 13, p. 3.)  Although Petitioner does not provide the date of that post-conviction motion, according to publicly available state court records, attached hereto as Exhibit A, Petitioner filed that motion on October 9, 2012, and it was denied on September 13, 2013.[1]  Petitioner did not file a direct appeal or a petition for state habeas corpus relief.  (See doc. no. 13, pp. 2-8, 12-14.)

Petitioner originally filed his federal petition in the Middle District of Georgia on a form intended for an individual seeking relief pursuant to 28 U.S.C. § 2241, and affixed a signature date of June 16, 2019.  (See doc. no. 1.)  On June 28, 2019, United States District Judge Tilman E. Self, III, recognized Petitioner's challenge to the Superior Court of Richmond County judgment under which Petitioner is in custody is properly denominated as a § 2254 petition and transferred the case to the Southern District of Georgia.  (See doc. no. 5.)  Upon arrival in the Southern District, the Court directed Petitioner to file an amended petition because Petitioner had used the form for seeking relief under § 2241 and had not listed any grounds for relief or supporting facts.  (See doc. no. 12.)  Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a petition seeking relief under § 2254 must, among other things, specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and must substantially follow the standard form used for requesting habeas corpus relief.  Petitioner merely stated he wants his recidivist designation removed and a total sentence of twelve years imposed for his child molestation conviction.  (See doc. no. 1, p. 7.)

---

[1] State v. Patterson, Case No. 2012RCCR00107 (Richmond County Superior Court Jan. 20, 2012) *available at* https://cocaugustaga.com (follow "Criminal Search" hyperlink; then search for Case No. 2012RCCR00107, last visited Nov. 8, 2019).

In accordance with the Court's instructions, Petitioner submitted an amended petition, raising two grounds of ineffective assistance of counsel and one ground of sentencing error. (Doc. no. 13.) Respondent moves to dismiss the amended petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 18.) By Respondent's calculation, Petitioner filed his initial federal petition in the Middle District of Georgia more than five years too late. (Doc. no. 18-1, p. 4.) Petitioner acknowledges in his petition his judgment of conviction became final over one year ago, but he blames the untimeliness on faulty information from an unnamed prison librarian and a three-year inability to enter the law library. (Doc. no. 13, pp. 13-14.)

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." A defendant in Georgia seeking to appeal must do so within thirty days. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Respondent contends that because Petitioner did not file a direct appeal following his conviction and sentencing in September of 2012, his conviction became "final" in October of 2012, when the thirty day period to appeal expired. (Doc. no. 18-1, p. 4.) However, Respondent makes no mention of the post-conviction sentencing motion pending from October 9, 2012 until September 13, 2013, or explain, what if any, impact that motion had on determining when Petitioner's conviction became "final." Even if the Court assumes *arguendo* Petitioner's conviction did not become final until October of 2013, thirty days after a ruling on the motion to reconsider the sentence, as described below the federal petition filed in June of 2019 is untimely.

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, Petitioner did not file for any post-conviction relief or other collateral review after the denial of his motion to reconsider his sentence to toll the one-year statute of limitations, meaning he had one year from, at the latest, October of 2013, to file for federal habeas corpus relief. Thus, the instant petition filed in June of 2019, over five years after the latest possible date Petitioner's conviction became final, is untimely.

4

> **B.     The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above.  Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d

1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 395.

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal petition or that a miscarriage of justice will occur if his claims are not considered.  Petitioner argues two circumstances beyond his control contributed to the untimeliness of his petition.  First, Petitioner claims he received incorrect information from a prison librarian that he could not file a habeas corpus petition. (Doc. no. 13, p. 13.)  Second, he claims he was barred from entering the prison library for three years.  (Id. at 13-14.)  Petitioner provides no factual detail or support for either of these assertions.

Moreover, ignorance of the law is not an extraordinary circumstance that would justify equitable tolling. The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'"  Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as

6

extraordinary circumstances). Likewise, even if there were any support for the bald assertion Petitioner was denied entry to the law library for three years, restricted access to a law library, lock-downs, and solitary confinement do not automatically qualify for equitable tolling. Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (*per curiam*).

Even if either one of the circumstances described by Petitioner qualified as extraordinary, and they do not, Petitioner cannot satisfy the requisite additional prong of showing he pursued his rights diligently. See Holland, 560 U.S. at 649. For example, Petitioner does not describe filing grievances about law library access or seeking help from the courts to gain such access. Nor does he describe any attempts to contact the state courts, or utilize any resources inside or outside of the prison to help him file for any post-conviction relief. See Miller, 307 F. App'x at 368 (rejecting bare assertions regarding lack of library access in light variety of other options for communicating about case that untimely petitioner could have pursued). In sum, Petitioner's conclusory allegations do not meet the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner presented any evidence - much less new, reliable evidence - to show that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, Petitioner's requested relief has nothing to do with his guilt or innocence, but rather he seeks a reduced sentence. (Doc. no. 13, p. 16 (seeking relief in the form of "[r]emoval of the recidivist and a total of 7 years imposed for conviction of child molestation).)

Because Petitioner has not shown he pursued his rights diligently and some extraordinary circumstance stood in his way to prevent him from timely filing his federal

habeas corpus petition, or that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 18), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 8th day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA