IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VERNARD BERNARD PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-100 |
| | ) | |
| ANTOINE CALDWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed, (doc. nos. 23,

24). The Clerk of Court accepted the first filing from Petitioner after entry of the Report and

Recommendation even though it was not signed and docketed it as a "Motion to Proceed

with Request Out of Time." (Doc. no. 23.) Petitioner signed his second, post-

recommendation filing, and it explained he previously put a letter in the prison mail box

asking that he be allowed to proceed with an "out of time appeal." (Doc. no. 24, p. 1.)

Although the dates on these two filings suggest one was prepared before and one after entry

of the Report and Recommendation, given that the Magistrate Judge recommended granting

Respondent's motion to dismiss the habeas corpus petition as untimely, the Court liberally

construes the filings as objections. Nothing in Petitioner's objections convinces the Court

that dismissal is improper.

Petitioner does not identify any portion of the proposed findings or recommendation made by the Magistrate Judge with which he disagrees. Instead, he cites one case from the Georgia Court of Appeals allowing a defendant who pleaded guilty to pursue an out-of-time direct appeal. (Doc. no. 23, p. 1 (citing Brown v. State, 737 S.E.2d 340 (Ga. Ct. App. 2013).) State law concerning an out-of-time direct appeal has no relevance to the recommendation under federal law, as explained in the Report and Recommendation, that Petitioner's request for federal collateral relief be dismissed as untimely under the applicable one-year statute of limitations.

Accordingly, the Court **OVERRULES** all of Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion.[1] Therefore, the Court **GRANTS** Respondent's motion to dismiss, (doc. no. 18), and **DISMISSES** as untimely the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.

---

[1]To the extent the Clerk of Court docketed the unsigned filing as a motion, it is **DENIED**. (Doc. no. 23.)

Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 5th day of December, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.